**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **KAREN BATTLE** | : | **NO. 08-442-3** |

<u>**MEMORANDUM AND ORDER**</u>

**Gene E.K. Pratter, J.**_____**June 29, 2009**

The Government accused Karen Battle of conspiring with others to steal and use "access devices" (i.e., credit cards) to acquire goods and services - - some for conversion into cash and some for personal enjoyment.  Ms. Battle's boyfriend, Devin Williams, was one of the several accused co-conspirators.

Among the alleged participants, only Ms. Battle chose to go to trial.  At her trial, she sought to invoke Federal Rule of Evidence 804(b)(3) to introduce, via the testimony of Joshawn Gardner, a statement allegedly made by Mr. Williams to Ms. Gardner that was inculpatory as to Mr. Williams but arguably exculpatory as to Ms. Battle.  Outside the presence of the jury, the Court held a hearing to determine, pursuant to <u>Williamson v. United States</u>, 512 U.S. 594, 603-604 (1994), whether the text of the statement was indeed exculpatory as to Ms. Battle and inculpatory as to Mr. Williams and to evaluate the context of the making of the statement to assess whether the surrounding circumstances were indicative of sufficient reliability to permit the jury to hear the proposed testimony.

At the hearing Ms. Gardner described herself as a very close friend of Mr. Williams.

When Ms. Battle was arrested on the charges at issue here, Mr. Williams asked Ms. Gardner to come with him to arrange for Ms. Battle's release on bail.  According to Ms. Gardner, while on their way to the Montgomery County facilities where Ms. Battle was being held, Mr. Williams asked Ms. Gardner to sign the bail security documentation for Ms. Battle.  Mr. Williams also said that he was "sorry for what he did to Karen, that he got her caught up in his mess, and that it wasn't her fault, it was his fault."  Ms. Gardner also testified that Mr. Williams "mentioned that [Ms. Battle] had nothing to do with what she was arrested for and he had did it."

Ms. Gardner and Mr. Williams were unsuccessful in arranging bail for Ms. Battle that day and had to return to the bail bondsman the next day when they did secure Ms. Battle's release.  Ostensibly as further indication of the circumstances of the reliability of the foregoing statement, Ms. Battle's counsel offered Ms. Gardner's description of Ms. Battle's "livid" indignation, protestations of non-involvement and anger at Mr. Williams upon being released on bail.[1]

Further questioning of Ms. Gardner at the hearing disclosed that before joining Mr. Williams for the drive to arrange for Ms. Battle's release she had already known that Mr. Williams was involved with stealing and fraudulently using credit cards.  Thus, Mr. Williams's inculpatory remarks to her were no news to Ms. Gardner, and, as a result, not particularly difficult for Mr. Williams to impart.  Furthermore, although Mr. Williams had mentioned Ms. Battle to Ms. Gardner a month or two earlier, she had only seen Ms. Battle incidentally once or twice before this event.  Ms. Gardner was not well acquainted with Ms. Battle and, presumably,

---

[1]Ms. Battle did not contend that Ms. Gardner should be permitted to tell the jury about Ms. Battle's own statements.  Rather, the argument was that this agitated expression of innocence added credibility to Mr. Williams's statement the day before to Ms. Gardner concerning Ms. Battle's innocence.

would have had no reason to facilitate her release on bail other than in reliance upon Mr. Williams and at his behest.

The Court sustained the Government's objection to Ms. Gardner's proposed testimony. The Supreme Court's <u>Williamson</u> opinion reiterates with clarity the elements for admissibility of statements against interest under Rule 804(b)(3) that necessarily show this is a fact specific inquiry, namely, that (1) the statement clearly implicates the declarant in a criminal act and, therefore, is against the declarant's penal interest, (2) the declarant is unavailable, and (3) there are sufficient corroborating circumstances to ensure trustworthiness of the declarant's statement when made.  <u>Williamson</u> at 597, 599.  <u>See</u> <u>also</u>, <u>United States v. Yongo</u>, 2007 WL 2900548 (3d Cir. Oct. 4, 2007) at *3 (where context of statement suggests speaker's motivation that undermines trustworthiness statement inadmissible); <u>United States v. Moses</u>, 148 F.3d 277, 281 (3d Cir. 1998) (inculpatory statements made to a friend long before declarant arrested were rendered particularly worthy of belief); <u>United States v. Chen</u>, 2002 WL 563602 (E.D. Pa. 4/16/02 *4 (ambiguous statement not sufficiently self-incriminating to be admissible under Rule 804(b)(3)); <u>United States v. Green</u>, 694 F.Supp. 107, 108, 110 (E.D. Pa. 1988) (tangential statement by one participant to insulate partners through protestations of their innocence not admissible).

The parties agreed that Mr. Williams was functionally unavailable to testify and appeared to agree that the "against self penal interest" element for Rule 804(b)(3) admissibility was satisfied.  Thus, the admissibility of Ms. Gardner's proposed testimony depended on whether the circumstances of the making of statement by Mr. Williams presented sufficient corroboration of trustworthiness.  The Court concluded that they did not and also questioned whether the

statement was sufficiently self-inculpatory to satisfy the Rule inasmuch as that element could itself be an indicator of trustworthiness.  Specifically, given that Ms. Gardner already knew about Mr. Williams's involvement in the credit card thefts and fraudulent use of them, his statement to her about his own involvement in the crime was of no particular moment.  However, he did have reason to try to convince Ms. Gardner to help him gain the release of his girlfriend, Ms. Battle. Ms. Gardner's most obvious motivation for putting her name and credit behind the bail security for Ms. Battle's benefit would be on the strength of whatever Mr. Williams told her about Ms. Battle because she did not know Ms. Battle herself.  Thus, Mr. Williams actually had a motive to mislead Ms. Gardner about Ms. Battle's involvement in order to satisfy Ms. Gardner that she was not incurring any financial risk in signing for Ms. Battle's bail.  If Ms. Battle was wrongfully accused, Ms. Gardner would presumably assume that Ms. Battle would have every reason to honor the bail conditions.  In that regard, this case is similar Yongo, supra, where the declarant's motivation undercut, rather then enhanced, the statement's trustworthiness.

Accordingly, the proposed testimony by Ms. Gardner did not meet the requirements of F.R.Ev. 804(b)(3) and was excluded.

BY THE COURT:


  /s/ Gene E.K. Pratter
GENE E.K. PRATTER
United States District Judge

4